```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/29/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
FRANKIE MONEGRO, on behalf of himself and  :
all others similarly situated,                             :        20-CV-6409 (VEC)
                                                                       :
                                       Plaintiff,        :        ORDER
                   -against-                                :
                                                                       :
GLOBAL EQUIPMENT COMPANY INC.,          :
                                                                       :
                                       Defendant.    :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 13, 2020, Plaintiff initiated this case (Dkt. 1);

WHEREAS pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve a copy of the complaint on Defendant by November 11, 2020;

WHEREAS on December 14, 2020, Plaintiff submitted a letter requesting a 60-day extension of his deadline to serve Defendant on the grounds that Defendant's business was "closed" due to COVID-19 (Dkt. 7);

WHEREAS on December 15, 2020, the Court denied Plaintiff's request for an extension and ordered Plaintiff to show cause why the case should not be dismissed for failure to serve (Dkt. 8);

WHEREAS on December 15, 2020 Defendant opposed Plaintiff's request for an extension of the deadline to serve and explained that Defendant's business had been "open at all locations (including its headquarters in Port Washington NY) since the beginning of and at all times during the pandemic." Dkt. 9. Defendant's attorney also indicated that he had been in contact with Plaintiff's counsel on "multiple occasions" regarding the merits of Plaintiff's ADA claim. *Id*.;

WHEREAS on December 17, 2020, Plaintiff voluntarily dismissed this case without prejudice (Dkt. 10);

WHEREAS on December 17, 2020, the Court ordered Plaintiff's attorney to show cause why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(c) for seemingly materially misrepresenting the reason for the requested extension of time to serve Defendant (Dkt. 11);

WHEREAS on December 28, 2020, Plaintiff's attorney responded to the Court's order and explained that his request for an extension of the deadline to serve was made in good faith after the service processor indicated that Defendant's location was "locked."  Dkt. 12.  Plaintiff's counsel acknowledged that he had been in communication with defendant's counsel "regarding the substantive aspects off this case," and that "Defendant's counsel never offered to waive service."  *Id*.  Plaintiff's counsel claimed that it would have been "pointless" for Plaintiff to request that Defendant waive service "given the acrimonious nature of the communications."  *Id.*;

WHEREAS Plaintiff's attorney offered no explanation why he did not serve the Defendant through the Secretary of State based on his asserted belief that Defendant was closed nor did he explain why he did not verify through Defendant's attorney that Defendant was, in fact, closed due to the pandemic;

IT IS HEREBY ORDERED:  Pursuant to Federal Rule of Civil Procedure 11(c), Plaintiff's counsel is sanctioned for materially misrepresenting information to the Court.  Plaintiff was informed by his process server on August 19, 2020, only that visitors could not access the premises; contrary to Plaintiff's characterization, the process server did not state that Defendant's business was "closed."  Dkt. 12.  Plaintiff admits he made no attempts to effectuate service by any other means in the subsequent three months.  *Id*.

Moreover, Plaintiff's initial request for an extension of the deadline to serve failed to disclose the material fact that, notwithstanding his failure to effect service, Plaintiff's attorney was in direct communication with Defendant's attorney regarding the merits of Plaintiff's claim. *See* Dkts. 7, 9. Plaintiff's attorney's representation that the relationship with Defendant's counsel was too "acrimonious" to request that Defendant waive service is irrelevant to whether Plaintiff's attorney misled the Court regarding the material facts surrounding his failure to effect service within the time prescribed by the federal rules.

No later than **January 15, 2021**, the law firm of Stein Saks or Mark Rozenberg personally is ordered to pay one hour of Defense counsel's time, payable to him, to reflect the time spent by Defendant correcting the misleading impression Plaintiff's counsel created, and to post proof that the payment was made to ECF. The Court declines to grant Defendant's request to dismiss this case with prejudice as an additional sanction, but reminds Plaintiff's counsel that if he decides to refile the case (a) it will be reassigned to the undersigned pursuant to Local Rule 4(b); and (b) Rule 11 sanctions can be imposed if, based on information that was provided during informal discovery by Defendant, there is no good faith basis for the representations made in the Complaint.

**SO ORDERED.**

Date:  **December 29, 2020**  
 **New York, New York**

_____  
**VALERIE CAPRONI**  
**United States District Judge**